UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK IANTOSCA, | Civil Action No. 16-9497 (MCA) |
| Plaintiff, | |
| v. | OPINION |
| LAURA MAGNONE, ESQ., | |
| ~~Defendants.~~ | |

ARLEO, United States District Judge:

## I. INTRODUCTION

This matter has been opened to the Court by Plaintiff's filing of a civil action pursuant to 42 U.S.C. § 1983. This Court previously granted Plaintiff's application to proceed *in forma pauperis*. Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Court will dismiss with prejudice the § 1983 claims raised in the Complaint. The Court will also deny Plaintiff's request to convert this matter to a habeas case. Because it is not clear whether Plaintiff has any additional § 1983 claims against the Defendants identified in his Complaint or against individuals referenced in his numerous filings, the Court will permit Plaintiff to submit an amended complaint within 30 days of the date of the Order accompanying this Opinion.

## II. FACTUAL BACKGROUND

The Court recounts only the facts necessary to this Opinion. Plaintiff has sued Laura Magnone, who is identified in the Complaint as an Assistant Prosecutor with Morris County

Prosecutor's Office, and Robert Scrivo, Esq., who is identified in the Complaint as an "Attorney at Law" with the law firm of McElroy, Deusch, Mulvaney & Carpenter, LLP, for alleged violations of his civil rights under 28 U.S.C. § 1983. (ECF No. 1, Compl. at page 4.) Plaintiff appears to be a convicted prisoner and alleges that prior to his acceptance of a plea deal for unspecified state court charges, Scrivo asked Magnone if Plaintiff could apply for the Pre-Trial Intervention Program ("PTI").[1] (*Id.* at 5.) Magnone allegedly replied: "Absolutely not, he can not (sic) apply." (*Id.*) She also allegedly stated to Plaintiff that she would make sure that he did not get PTI. (*Id.*) Plaintiff alleges that Magnone's conduct violated his rights by discriminating against him and showing bias. He further alleges that Scrivo violated his rights by providing ineffective assistance of counsel for not objecting to the denial of PTI and by advising Plaintiff to take a plea deal. (*Id.*) Plaintiff seeks damages in the amount of $1,750,000.00. (*Id.* at 6.)

### III. STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28

---

[1] The New Jersey PTI program is a state-wide program which serves as "an alternative to criminal prosecution." *Fernandez v. City of Elizabeth*, 468 F. App'x 150, 154 (3d Cir. 2012) (citing *Davis v. Grusemeyer*, 996 F.2d 617, 620 (3d Cir. 1993), *overruled on other grounds by Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir. 1998)).

2

U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The complaint must also allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, *pro se* litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to

3

relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Furthermore, "[l]iberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## IV. ANALYSIS

As explained below, the Court construes Plaintiff to allege claims pursuant to 42 U.S.C. § 1983 against Defendants Magnone and Scrivo.[2] The Court considers the § 1983 claims against each Defendant as alleged in the Complaint and separately addresses Plaintiff's additional filings.

### a. Claims against Defendant Magnone

Plaintiff alleges that that Defendant Magnone discriminated against him by refusing to allow him to apply to PTI and by stating that she would deny his PTI application. The Court construes Plaintiff to allege § 1983 claims of malicious and/or selective prosecution against Defendant Magnone. Under federal law, however, prosecutors have absolute immunity from civil liability, i.e., damages, for their conduct in their role as prosecutors.[3] *See Newsome v. City of Newark*, No. 13-CV-06234 CCC, 2014 WL 4798783, at *2 (D.N.J. Sept. 25, 2014) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976)). It is well established that prosecutors sued

---

[2] The Court does not construe Plaintiff to allege any supplemental state law claims. To the extent Plaintiff seeks to raise state law claims, he must do so by way of an amended complaint.

[3] Although Plaintiff recently wrote to the Court seeking injunctive relief, his Complaint seeks only damages for his alleged injuries, and the Court confines its analysis to Plaintiff's Complaint.

4

under § 1983 enjoy absolute immunity for their conduct in "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. This immunity extends to any acts the prosecutor undertakes "as the state's 'advocate,'" *Yarris v. County of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006), and is not defeated by allegations that the prosecutor acted in bad faith, *see Ernst v. Child & Youth Servs.*, 108 F.3d 486, 502 (3d Cir.1997), or "commit[ted] perjury or falsifie[d] evidence," *Davis v. Grusemeyer*, 996 F.2d 617, 630 n. 27 (3d Cir.1993), overruled on other grounds by *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir.1998); *see also Tindell v. Pennsylvania*, 398 F. App'x 696, 698 (3d Cir. 2010) (explaining same).

In *Davis*, 996 F.2d at 631, an indictee sued both the prosecutors and detective for their efforts to deny him access to PTI, and their decision to instead continue with criminal prosecution. *Id.* at 627–29. The Third Circuit found that the decision to continue a criminal prosecution through trial "is at the heart of the prosecutorial decision-making process ..." and should therefore be immune from civil liability. *Id.* at 629. Further, the Court held that a detective performing investigative work in connection with a criminal prosecution receives the same absolute immunity as would the prosecutor. *Id.* at 631–32. Thus, under well-established Third Circuit precedent, Defendant Magnone is entitled to prosecutorial immunity for her decision to deny Plaintiff PTI and continue with his prosecution, which ultimately resulted in a plea deal. As such, the Court will dismiss <u>with prejudice</u> Plaintiff's § 1983 claim premised on Defendant Magnone's alleged denial of Plaintiff's access to PTI, as she is entitled to prosecutorial immunity on this claim.

b. **Defendant Scrivo**

Plaintiff also contends in his Complaint that his defense attorney, Defendant Scrivo, afforded him ineffective assistance of counsel under the Sixth Amendment in connection with

the denial of PTI and the plea deal. "To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law." *Mikhaeil v. Santos*, 646 F. App'x 158, 161–62 (3d Cir. 2016) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988). It is axiomatic that "[a] Section 1983 claim requires state action." *McKinney v. Prosecutor's Office*, No. CIV. 13-2553 KM MCA, 2014 WL 2574414, at *8 (D.N.J. June 4, 2014). Here Defendant Scrivo is identified as a <u>retained</u> attorney with the law firm of McElroy, Deusch, Mulvaney & Carpenter LLP. (ECF No. 1, Compl. at 4.) Privately-retained counsel are not state actors for purposes of § 1983. *See Steward v. Meeker*, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client). Although private individuals may nonetheless be liable under § 1983 if they have conspired with or engaged in joint activity with state actors, *see Bierley v. Abate*, 661 F. App'x 208, 209 (3d Cir. 2016) (citing *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980)), Plaintiff has not alleged in the Complaint that Defendant Scrivo is a state actor or that he engaged in a conspiracy or joint activity with any state actors.

Further, even if Defendant Scrivo were a public defender or pool attorney who provided ineffective assistance of counsel to Plaintiff prior to and during his plea negotiations, Plaintiff's claim would be subject to dismissal because "ineffective assistance of appointed counsel in representing a defendant is not actionable under § 1983." [4] *Introcaso v. Meehan*, 338 F. App'x 139, 142 (3d Cir. 2009) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (no state

---

[4] To the extent that Plaintiff may be attempting to set forth either a legal malpractice claim or an ineffective assistance of counsel claim against his attorney, neither claim is properly brought as a § 1983 action. *See generally Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (petition for writ of habeas corpus proper for ineffective assistance of counsel claim); *Shaw v. Stackhouse*, 920 F.2d 1135 (3d Cir. 1990) (§ 1983 is designed to address constitutional deprivations, not torts). The Court does not construe the amended complaint as raising legal malpractice claims under state tort law.

6

action for the purposes of § 1983 where public defender represented defendant in criminal matter)); *see also Angelico v. Lehigh Valley Hospital, Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); *Calhoun v. Young*, 2008 WL 2944638 (3d Cir. Aug.1, 2008) (public defender representing criminal defendant is not acting under color of state law); *Thomas v. Howard*, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law); *Amponsah v. Boney*, No. CIV.A. 08-4992 (MLC), 2008 WL 4754869, at *2-3 (D.N.J. Oct. 27, 2008) (same). For these reasons, the Court will dismiss with prejudice Plaintiff's Sixth Amendment claims of ineffective assistance of counsel against Defendant Scrivo.

c. **Plaintiff's Letters**

After filing his Complaint, Plaintiff submitted numerous statements and letters that purport to add "evidence" to his "case file". These letters provide new facts regarding the above-named Defendants[5] and other individuals.[6] Plaintiff apparently believes that he is free to submit

---

[5] For instance, Plaintiff's letters complain about Defendant Magnone's alleged violations of the New Jersey Court Rules at Plaintiff's sentencing on September 16, 2016 (ECF No. 7) and Defendant Scrivo's alleged refusal to file an appeal on his behalf. (*See* ECF No. 9.) Such conduct, however, is not the basis for a § 1983 action and is more properly addressed to the state courts.

[6] For instance, Plaintiff submitted an undated statement, which was docketed on January 6, 2017 (ECF No. 5), that alleges that he was improperly contacted via text message by the uncle of his accuser, Anthony Bocchi, Esq., who Plaintiff identifies as an "Officer of the Court." (*Id.* at 3-5; *see also* ECF No. 12.) Plaintiff does not identify Mr. Bocchi as a Defendant or refer to this statement as an amended complaint, and the Court does not construe the statement as such. The Court notes that even if Mr. Bocchi's alleged conduct violated the Rules of Professional Conduct ("RPCs"), it does not provide any basis for a civil rights action under § 1983. The statement also alleges that the law firm of McElroy, Deusch, Mulvaney & Carpenter, LLP previously represented the family of Plaintiff's accuser. Although such representation may amount to a conflict of interest under the RPCs, it does not amount to a violation of § 1983, which requires a deprivation of Plaintiff's constitutional rights by a state actor. Furthermore, violations of Rules of Professional Conduct do not, standing alone, give rise to an action in tort. *See Sommers v. McKinney*, 287 N.J. Super. 1, 13 (App. Div. 1996); *Baxt v. Liloia*, 155 N.J. 190, 197-98 (1998) (explaining that "purpose of the Model Rules [is] to regulate lawyer conduct through the

7

additional information to the Court regarding his case in the form of letters; however, any attempt to amend or supplement his Complaint must conform to Federal Rule of Civil Procedure 15, and an amended complaint, once accepted by the Court, replaces the original complaint and renders it inoperative. The Court has reviewed these letters and declines to permit Plaintiff to supplement his Complaint in this piecemeal fashion and notes that the additional information does alter the Court's dismissal of his section § 1983 claims against Defendants Magnone and Scrivo. Although the Court has dismissed the claims alleged in the Complaint <u>with prejudice</u>, it will, out of an abundance of caution, permit Plaintiff to file an Amended Complaint to the extent he has <u>other § 1983 claims</u> against Defendants Magnone and/or Scrivo that have not been addressed in the instant Opinion. To the extent Plaintiff elects to submit an Amended Complaint, he must submit all facts in support of his claim(s) in a single Amended Complaint.

### d. Plaintiff's Request to "Convert" the Case

Finally, the Court denies Plaintiff's request to convert this action to a habeas petition. On July 5, 2017, Plaintiff wrote to the Court asking whether the Court "has determined there has been enough evidence thus far to have moved the cause of this case from a '42 – 1983' to a 'Habeas Corpus'" and seeks an injunction vacating the allegedly illegal sentence imposed by the Morris County Superior Court. (*See* ECF No. 23.)

Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). In general, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the

---

disciplinary process, not to serve as a basis for civil liability") (citing Legislative History of the Model Rules of Professional Conduct: Their Development in the ABA House of Delegates 20 (1987)).

province of habeas corpus ... [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action." *Id.* It is well established that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Thus, state prisoners "must use habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

      Although Plaintiff's Complaint seeks only monetary damages, his recent letter asks the Court to convert the matter to a habeas case and invalidate his conviction. Plaintiff's request to have his conviction invalidated by this Court is barred in a § 1983 action because that judicial determination necessarily implies the unlawfulness of the State's custody. *Wilkinson*, 544 U.S. at 81. This type of relief, if sought in federal court, may only be brought through a habeas petition <u>after exhausting all available state court remedies</u>. Here, however, it is clear from Plaintiff's filings that he was recently sentenced on the relevant charges and has not yet completed his direct appeal in state court. Under these circumstances, any habeas petition filed in federal court would be subject to dismissal for failure to exhaust state court remedies. As such, Plaintiff's request to convert the instant matter into a habeas case is denied at this time. The denial of his request is without prejudice to his filing of a timely habeas petition pursuant to 28 U.S.C. § 2254 after he exhausts his habeas claims to the highest level of the New Jersey state courts.

## V.   CONCLUSION

For the reasons explained in this Opinion, the Court dismisses the claims alleged in the Complaint <u>with prejudice</u>. The Court also denies Plaintiff's request to convert this matter to a habeas case at this time. Because it is not clear whether Plaintiff has additional § 1983 claims against the Defendants identified in his Complaint, the Court will permit him to submit an amended complaint within 30 days of the date of the Order accompanying this Opinion. An appropriate Order follows.

_____
Madeline Cox Arleo, U.S.D.J.

Date: _July 17_, 2017

10